| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** | **DEFENDANTS** |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11 - Recovery of money/property - § 542 turnover of property
☐ 12 - Recovery of money/property - § 547 preference
☐ 13 - Recovery of money/property - § 548 fraudulent transfer
☐ 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31 - Approval of sale of property of estate and of co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41 - Objection / revocation of discharge - § 727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66 - Dischargeability - § 523(a)(1),(14),(14A) priority tax claims
☐ 62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
☐ 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 - Dischargeability - § 523(a)(5), domestic support
☐ 68 - Dischargeability - § 523(a)(6), willful and malicious injury
☐ 63 - Dischargeability - § 523(a)(8), student loan
☐ 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71 - Injunctive relief - reinstatement of stay
☐ 72 - Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81 - Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91 - Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01 - Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa *et.seq.*
☐ 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law     ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint     Demand $
Other Relief Sought

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** |||
|---|---|---|
| NAME OF DEBTOR || BANKRUPTCY CASE NO. |
| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||
|---|---|
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature**. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

1  DENNIS D. BURNS (State Bar No.: 86889)
   LAW OFFICES OF DENNIS D. BURNS
2  7855 Ivanhoe Avenue, Suite 420
   La Jolla, CA 92037
3  Telephone: 858-551-1530
   Facsimile: 858-551-1520
4  Email: dburns3@san.rr.com

5  Attorney for Jorge Chávez E.

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

## SAN DIEGO DIVISION

| | |
|---|---|
| In re | BK. No.: 09-00170-LA07 |
| EUGENE COBB and JACQUELINE CLEON COBB | Chapter 7 |
| | Adv. No.: |
| Debtors. | **COMPLAINT TO DETERMINE DISCHARGEABILITY OF INDEBTEDNESS AND OBJECTION TO DISCHARGE; OBJECTION TO DISCHARGE UNDER 11 U.S.C. § 727 AND 11 U.S.C. § 523(A)** |
| | **HON. LOUISE DeCARL ADLER** |
| JORGE CHÁVEZ, | |
| Plaintiff, | |
| v. | |
| EUGENE COBB; JACQUELINE CLEON COBB, | |
| Defendants. | |

Complaint to Determine Dischargeability of Debt (Jorge Chávez)                                                                                                 1

**COMES NOW** Plaintiff **JORGE CHAVEZ**, who, alleges as follows:

1. Plaintiff, Jorge Chávez is now and at all times mentioned herein was an individual residing in the County of San Diego, State of California, and is a creditor of the Debtors Eugene Cobb and Jacqueline Cleon Cobb in the above-referenced case.

2. This Adversary Proceeding is one arising in the Debtor's case No. 09-000170-LA7 under Title 11 of the United States Code now pending in this Court. This Court has jurisdiction over the Adversary Proceeding pursuant to 11 U.S.C. § 1334 and 11 U.S.C. § 523. This is a core proceeding under 28 U.S.C. § 157(b)(2)(1).

3. Eugene Cobb and Jacqueline Cleon Cobb are spouses of each other and at all times mentioned herein were acting as the agents for each other in doing the actions stated herein and/or are using communal assets.

4. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein Defendant Eugene Cobb was engaged in the automobile sales business doing business as "Motorcars Direct San Diego" from its place of business located at 5630 Kearny Mesa Road, San Diego, CA 92111.

5. On or about August 8, 2008 Plaintiff entered into an agreement in writing with Defendant Eugene Cobb for the purchase by Plaintiff of a 1999 Ferrari Modona 36D vehicle identification number ZFFYR51A7X0117390 (hereinafter the "VEHICLE"). A true and correct copy of the Agreement is attached hereto as Exhibit "A" and incorporated herein by this reference. Plaintiff paid the sum of $109,365.18 for said VEHICLE in the form of a check, a true and correct copy of the cancelled check is attached hereto as Exhibit "B" and incorporated herein by this reference.

6. On August 8, 2008, Plaintiff purchased said VEHICLE and Defendants represented to Plaintiff that they would receive the title, registration, pink slip and other documentation relating to the transfer of said VEHICLE.

7. The representations made by Defendants as herein alleged were false and Defendants knew or should have known that said representations were false.

Complaint to Determine Dischargeability of Debt (Jorge Chávez)    2

8. San Diego County Credit Union holds legal title to the vehicle as the result of a pre-existing secured interest in an amount in excess of $100,000.00 and will not release said title without payment.

9. Plaintiff filed a Record of Complaint Form with DMV for the State of California, wherein stating that when Plaintiff contacted Defendants to inquire as to documentation, it was stated to Plaintiff that his funds were used to pay bills and that the title was on hold by the bank, wherein he would be contacted by Defendants' attorney. A true and correct copy of the Record of Complaint Form is attached hereto as Exhibit "C" and incorporated herein by this reference.

10. Plaintiff is informed and believed and thereon alleges that at all times mentioned herein relevant that Defendant Eugene Cobb the sole owner and Chief Executive Officer of Cohand Enterprises, Inc. d/b/a Morotcars Direct San Diego a licensed car dealer pursuant to the laws of the State of California.   Cohand Enterprises, Inc. is not a licensed car dealer.

11. Plaintiff is informed and believes that the aforesaid that Defendant Eugene Cobb could not have legally conducted used automobile sales in the State of California without said licensing.

12. Plaintiff is informed and believes that the State of California requires dealers licensed in the State of California to place all funds paid upon vehicles they sell which have prior lien obligations, in a secure account, to be used only for the purposes of clearing titles to said vehicles, in order to pass clear titles to purchasers.

13. Plaintiff is informed and believes and therefore alleges that as a result of the aforementioned legal duty created by statute, that a fiduciary relationship is created between the buyer and a used car dealer, pursuant to California State law.

14. On or about January 8, 2009, the above entitled Chapter 7 bankruptcy petition and schedules were filed in this Court, under penalty of perjury and executed by both debtors.

15. Plaintiff is informed and believes that listed therein, on Schedule F, are the alleged non-secured creditors of the Defendants.

16. Plaintiff is informed and believes that the debtors in each of them have fraudulently and falsely indicated that a number of the debts contained on said Schedule are "contingent liabilities for corporate debtor".

17. Plaintiff is informed and believes that in truth and in fact, a number of said debts are not contingent claims of a corporate debtor, but are debts that are personal debts of the debtors for which the debtors signed personal guarantees and/or other documents assuming and accepting personal liability and are otherwise obligated under applicable California Law for said obligations.

18. Debtor has so indicated on his petitions as alleged above in order to intentionally mislead creditors and the public with regard to the hundreds of thousands of dollars in debt that have been personally incurred by the debtors through their acts of embezzlement and conversion.

19. Debtors have indicated on their Schedules that absolutely no income has been earned by Eugene Cobb whatsoever since December, 2006.

20. Debtors on Schedule I of the Schedules filed with this Court, have indicated that they presently have monthly expenses in excess of $6,300.00 per month, even after exclusions of thousands of dollars of monthly debt obligations which existed prior to their filing.

21. Schedule I of the Schedules filed herein indicates that Jacqueline Cleon Cobb has a gross income presently of $4,415.00 per month and has been employed at her present employment for the past 16 years.

22. On the Debtors' Schedule of Financial Affairs, filed as part of their petition, the debtors indicate that payments have been made on a monthly basis to Washington Mutual, Financial 21 and Use Credit Union in monthly amounts ranging from $1,683.00 a month to $4,600.00 per month, with a combined total of or about $9,964.00 per month. Said amounts as indicated in the Statement of Affairs provides that the debtors made payments of $9,964.00 for at least the last ninety (90) days, prior to the filing of the bankruptcy petitions.

23. In that Jacqueline Cleon Cobb gross salary is under $4,600.00 per month allegedly, without Eugene Cobb having an income, Debtors made payments of over $29,892.00 during the

Complaint to Determine Dischargeability of Debt (Jorge Chávez)                                                                 4

ninety (90) days immediately preceding the case filing with only $13,800.00 of gross income from the spouse, Jacqueline Cleon Cobb.

24. Plaintiff is informed and believes that Debtors have falsified their statement of income and other schedules filed with this Court in that debtor Eugene Cobb used funds from his interests in the corporate entities that he has listed in the petitions and schedules to pay personal obligations on the two residential real properties, the BMW, Ferrari's, Land Rover automobiles and other expenses he has listed on his schedules

25. As a result, the debtors in this matter, and each of them, have filed false Statements and Schedules under penalty of perjury, have intentionally misrepresented their income and expenses and have concealed income in this matter, all subjecting them to the penalties under 11 U.S.C. §727 of the United States Bankruptcy Code.

26. Debtors, in January 2008, according to their Statement of Affairs, paid attorney Thomas Lockhart $2,525.00 for services in preparing the bankruptcy petitions and schedules despite their alleged lack of income.

27. Plaintiff is informed and believes that the debtors in order to avoid the "means test" requirements have misrepresented their gross income. The Statement of Financial Affairs filed in this matter, indicates that Debtor Eugene Cobb has not received from his employment, trade or profession or from operation of debtors business, including part-time activities, any income since December 2006.

28. Plaintiff is informed and believes that the Debtor regularly took funds from Cohand Enterprises, Inc., and/or Motorcar Direct San Diego and use said funds for their own personal debts and obligations.

29. Debtors in an attempt to deceive creditors, and to qualify for a Chapter 7 liquidation, knowingly and fraudulently, and in connection with the case, made a false oath or account as a result of the foregoing failure to report income.

30. Debtors are informed and believes, subject to proof at trial that the debtors in this matter have sought to deceive this court by indicating that Eugene Cobb, has made absolutely no

Complaint to Determine Dischargeability of Debt (Jorge Chávez)                                                                5

income for over 2 years. When the truth in fact is that the expenses of the parties, including secured obligations, owing on two real property residences, since 2006, and their other monthly obligations well exceed the gross income of the income of the co-debtor's spouse.

31. As a result, debtor has failed to explain satisfactorily the loss of assets or deficiency of assets to meet the debtors liabilities.

32. Debtors have filed in connection with this case, knowingly and fraudulently. Schedule H of the petitions, wherein the debtors declare under oath that no co-debtors exist who are also liable for any of the debts listed on their petitions.

33. In truth and in fact, and as indicated on Schedules F, Creditors Holding Unsecured Non Priority Claims, over 40 entries are made, indicating that contingent liabilities exist in the estate as a result of certain debts being of a corporate nature.

34. Debtors have also knowingly and fraudulently left out an interest they hold in a general partnership with an entity known as Motorcars Direct, Inc., whom was their general partner in the operation of the fictitious business known as Motorcars Direct San Diego.

35. In connection with this case, debtors have filed their Chapter 7 Statement of Current Monthly Income and means test calculations, and have knowingly and fraudulently omitted to include as required by the precise instructions therein and requirements of said Schedule in violation of 11 U.S.C. §707(b)7.

36. Debtors intentionally and fraudulently omitted the income paid to debtor Eugene Cobb during the last two years in order to qualify for the benefits of Chapter 7 liquidation.

37. Plaintiffs are informed and believes that less than a year prior to the filing of the petitions herein Debtors obtain hundreds of thousand of dollars from several individuals through the sale of luxury vehicles that debtors intentionally converted toward their own personal use and failed to deliver clear title to the purchasers.

### FIRST CLAIM FOR RELIEF
### [Actual Fraud 11 U.S.C. §523(a)(2), (4) and (6)]

38. Plaintiff refers to and incorporates herein by this reference the allegations in Paragraph 1 through 37 set forth above.

39. The acts of Defendants as alleged herein should not be allowed to be discharged in that the debt owing to Plaintiffs was for money, property, services, or an extension, renewal, or refinancing of credit, obtained by false pretenses, a false representations, and/or actual fraud. Said false pretenses, representations were used in a writing that was materially false and on which the Plaintiff reasonably relied and that the debtor caused to be made or published with intent to deceive.

40. As such the acts of Defendants are therefore subject to a ruling of non-dischargeability by this Court pursuant to 11 U.S.C. Section 533(a)(6).

41. As a result of the legal duties imposed on Defendants by substantive California State law regarding the licensing of used car dealers a fiduciary relationship existed as to the parties as to the funds transferred to Defendants to be paid on Plaintiffs behalf to the legal title holder of the vehicle. As such Defendants acts constitute fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny by Defendants conversion of the funds paid to them by Plaintiffs. The acts of the Defendants are therefore subject to a ruling of non-dischargeability by this Court pursuant to 11 U.S.C. Section 533(a)(4).

42. The acts of Defendants were willful and malicious and caused injury by the debtor to another entity or to the property of another and is subject to a ruling of non-dischargeability by this Court pursuant to 11 U.S.C. Section 533(a)(6).

43. As a direct and proximate result of the intentional misrepresentations by Defendants, and each of them as herein alleged, Plaintiff has suffered general damages in the sum of not less than $109,365.18, or such other and further sum as may be proven at the time of trial herein.

44. The debt of Defendants arises out of an actual fraud committed by Defendants upon Plaintiff and is therefore nondischargeable under 11 U.S.C. §523(a)(2), (4)and (6).

## SECOND CLAIM FOR RELIEF

**(Violation of 11 U.S.C. §727(a)(2)(A)),(4)(A), (4)(C) and (5))**

45. Plaintiff repleads, realleges, and incorporates herein by reference each and every allegation contained in paragraphs 1 through 44 herein.

Complaint to Determine Dischargeability of Debt (Jorge Chávez)                                                                 7

46. Defendants with the intent to hinder, delay or defraud Plaintiff, has transferred, removed, destroyed, mutilated or concealed Plaintiff's personal and Real Property within 1 year before filing of the petition.

47. The conduct of Defendants violates 11 U.S.C §727(a)(2)(A) and, therefore, constitutes a denial of discharge.

## THIRD CLAIM FOR RELIEF

### (Violation of 11 U.S.C. §727(a)(4)(A))

48. Plaintiff repleads, realleges, and incorporates herein by reference each and every allegation contained in paragraphs 1 through 47 herein.

49. Defendants knowingly and fraudulently made a false oath or account.

50. The conduct of Defendants violates 11 U.S.C §727(a)(4) and, therefore, constitutes a denial of discharge.

## FOURTH CLAIM FOR RELIEF

### (Violation of 11 U.S.C. §727(a)(4)(C))

51. Plaintiff repleads, realleges, and incorporates herein by reference each and every allegation contained in paragraphs 1 through 50 herein.

52. Defendants have knowingly and fraudulently, in connection with the case, gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or for barring to act.

53. The conduct of Defendants violates 11 U.S.C. § 527(a)(4)(C) and, therefore, the indebtedness of Defendants to the Plaintiff constitutes a non-dischargeable debt.

## FIFTH CLAIM FOR RELIEF

### (Violation of 11 U.S.C. §727(a)(3))

54. Plaintiff repleads, realleges, and incorporations herein by reference each and every allegation contained in paragraphs 1 through 53 herein.

55. Defendants has concealed and falsified books, documents, records, and papers from which the Defendants's financial condition might be ascertained by failure to disclose assets.

Complaint to Determine Dischargeability of Debt (Jorge Chávez)            8

56. The conduct of Defendants violates 11 U.S.C §727(a)(3)(A) and, therefore, constitutes grounds for a denial of discharge.

## SIXTH CLAIM FOR RELIEF

### (Violation of 11 U.S.C. §727(a)(5))

57. Plaintiff repleads, realleges, and incorporations herein by reference each and every allegation contained in paragraphs 1 through 56 set forth herein.

58. Defendants have converted the funds of Plaintiff and others within one year prior to the filing of their petition in an amount in excess of $400,000.00 and has failed to provide any explanation as to how or where the funds were expended.

59. Defendants have failed to explain satisfactorily any loss of assets or deficiency of assets to meet Defendants liabilities.

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. For General Damages in the sum of $109,365.18, together with interest at the legal rate from August 8, 2008 to the date of Judgment.

2. For a decree from this Court that the claim of Plaintiff be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2), (4)and (6);

3. For a decree from this Court that acts of Defendants as alleged herein constitutes grounds for denial of discharge pursuant to 11 U.S.C. §727(a)(2)(A)),(a)(3),(4)(A), (4)(C) and (5).

4. For costs of suit herein; and

5. For such other and further relief as the Court may deem just and proper.

DATED: April 3, 2009        /s/ DENNIS D. BURNS
                            DENNIS D. BURNS
                            Attorney for Plaintiff
                            Jorge Chávez

Complaint to Determine Dischargeability of Debt (Jorge Chávez)        9

# EXHIBIT "A"

| Buyer (and Co-Buyer) Name and Address (including County and Zip Code) | Creditor - Seller (Name and Address) |
|---|---|
| JORGE CHAVEZ<br><br>1250 SIXTH AVE. STE. 211<br>SAN DIEGO, CA 92101-           SAN DIEGO | MOTORCARS DIRECT SAN DIEGO<br>5630 KEARNY MESA RD "A"<br>SAN DIEGO CA 92111- |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Odometer | Vehicle Identification Number | SOLD AS EQUIPPED/SUBJECT TO LENDER'S CREDIT APPROVAL<br>Primary Use For Which Purchased |
|---|---|---|---|---|---|
| USED | 1999 | Ferrari 360 | 23233 | ZFFYR51A7X0117390 | XX personal, family or household<br>☐ business or commercial |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $109365.18<br>is $109365.18 (e) |
|---|---|---|---|---|
| .0 % | $ .0 (e) | $ N/A | $ N/A | |

(e) means an estimate

**YOUR PAYMENT SCHEDULE WILL BE:**

| Number of Payments: | Amount of Payments: | When Payments Are Due: |
|---|---|---|
| One Payment of | N/A | |
| One Payment of 1 | N/A | |
| Payments | N/A | Monthly, Beginning |
| Payments | N/A | Monthly, Beginning |
| One Final Payment | N/A | |

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
**Prepayment.** If you pay off all your debt early, you may be charged a minimum finance charge.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

### STATEMENT OF INSURANCE

**NOTICE.** No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

#### Vehicle Insurance

|  |  | Term | Premium |
|---|---|---|---|
| $ N/A | Ded. Comp., Fire & Theft | ___ Mos. | $ N/A |
| $ N/A | Ded. Collision | ___ Mos. | $ N/A |
| Bodily Injury $ N/A Limits | | ___ Mos. | $ N/A |
| Property Damage $ N/A Limits | | ___ Mos. | $ N/A |
| Medical | N/A | ___ Mos. | $ N/A |
| Total Vehicle Insurance Premiums | | | $ N/A (a) |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X /s/
Co-Buyer X /s/
Seller X

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

#### Application for Optional Credit Insurance

☐ Credit Life:   ☐ Buyer   ☐ Co-Buyer   ☐ Both
☐ Credit Disability (Buyer Only)

|  | Term | Exp. | Premium |
|---|---|---|---|
| Credit Life | ___ Mos. | ___ | $ N/A |
| Credit Disability | ___ Mos. | ___ | $ N/A |
| Total Credit Insurance Premiums | | | $ N/A (b) |

Insurance Company Name _____
Home Office Address _____

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown above.

### ITEMIZATION OF THE AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)

1. **Total Cash Price**
   A. Cash Price of Motor Vehicle and Accessories                                  $ 99999.00 (A)
      1. Cash Price Vehicle                              $ 99999.00
      2. Cash Price Accessories                          $ N/A
      3. Other (Nontaxable)
         Describe _____                         $ N/A
         Describe _____                         $ N/A
   B. Document Preparation Fee (not a governmental fee)                            $ 55.00 (B)
   C. Smog Fee Paid to Seller                                                      $ 50.00 (C)
   D. (Optional) Theft Deterrent Device (to whom paid) _____              $ N/A (D)
   E. (Optional) Theft Deterrent Device (to whom paid) _____              $ N/A (E)
   F. (Optional) Surface Protection Product (to whom paid) _____          $ N/A (F)
   G. (Optional) Surface Protection Product (to whom paid) _____          $ N/A (G)
   H. Sales Tax (on taxable items in A through G)                                  $ 7754.18 (H)
   I. Optional DMV Electronic Filing Fee                                           $ N/A (I)
   J. (Optional) Service Contract (to whom paid) _____                    $ N/A (J)
   K. (Optional) Service Contract (to whom paid) _____                    $ N/A (K)
   L. (Optional) Service Contract (to whom paid) _____                    $ N/A (L)
   M. Prior Credit or Lease Balance paid by Seller to _____
      (see downpayment and trade-in calculation)                                   $ N/A (M)
   N. (Optional) Gap Contract (to whom paid) _____                        $ N/A (N)

| | | |
|---|---|---|
| O. (Optional) Used Vehicle Contract Cancellation Option Agreement | $ N/A (O) | |
| P. Other (to whom paid) _____ | $ N/A (P) | |
| For _____ | | |
| **Total Cash Price** (A through P) | | $ 107858.18 (1) |
| 2. **Amounts Paid to Public Officials** ESTIMATED | | |
| A. License Fees | $ 1499.00 (A) | |
| B. Registration/Transfer/Titling Fees | $ N/A (B) | |
| C. California Tire Fees | $ N/A (C) | |
| D. Other _____ | $ N/A (D) | |
| **Total Official Fees** (A through D) | | $ 1499.00 (2) |
| 3. **Amount Paid to Insurance Companies** (Total premiums from Statement of Insurance column a + b) | | $ N/A (3) |
| 4. XX ☒ Smog Certification or ☐ Exemption Fee Paid to State | | $ 8.00 (4) |
| 5. **Subtotal** (1 through 4) | | $ 109365.18 (5) |
| 6. **Total Downpayment** | | |
| A. Agreed Trade-In Value Yr ____ Make ____ Model ____ Odom ____ VIN ____ | $ N/A (A) | |
| B. Less Prior Credit or Lease Balance | $ N/A (B) | |
| C. Net Trade-In (A less B) (indicate if a negative number) | $ .00 (C) | |
| D. Deferred Downpayment | $ N/A (D) | |
| E. Manufacturer's Rebate | $ N/A (E) | |
| F. Other _____ | $ N/A (F) | |
| G. Cash | $ 109365.18 (G) | |
| **Total Downpayment** (C through G) | | $ 109365.18 (6) |
| (If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1M above) | | |
| 7. **Amount Financed** (5 less 6) | | $ N/A (7) |

**You are applying for the credit insurance marked above.** Your signature below means that you agree that: (1) You are not eligible for insurance if you have reached your 65th birthday. (2) You are eligible for disability insurance only if you are working for wages or profit 30 hours a week or more on the Effective Date. (3) Only the Primary Buyer is eligible for disability insurance. DISABILITY INSURANCE MAY NOT COVER CONDITIONS FOR WHICH YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR IN THE LAST 6 MONTHS (Refer to "Total Disabilities Not Covered" in your policy for details).
You want to buy the credit insurance.

____ X ____
Date   Buyer Signature   Age

____ X ____
Date   Co-Buyer Signature   Age

**OPTIONAL GAP CONTRACT** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 1N. See your gap contract for details on the protection it provides. It is a part of this contract.
Term N/A Mos N/A
        Name of Gap Contract
You want to buy a gap contract.
Buyer X ✓

**OPTIONAL SERVICE CONTRACT(S)** You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 1J, 1K, and/or 1L above.
1J Company N/A
Term N/A Mos. or N/A Miles
1K Company N/A
Term N/A Mos. or N/A Miles
1L Company N/A
Term XX Mos. or N/A Miles
Buyer X ✓

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.
Buyer Signs X ✓
Co-Buyer Signs X

---

**SELLER ASSISTED LOAN**
BUYER MAY BE REQUIRED TO PLEDGE SECURITY FOR THE LOAN, AND WILL BE OBLIGATED FOR THE INSTALLMENT PAYMENTS ON BOTH THIS RETAIL INSTALLMENT SALE CONTRACT AND THE LOAN.

Proceeds of Loan From: N/A
Amount $ N/A  Finance Charge $ N/A
Total $ N/A  Payable in N/A
installments of $ N/A . $ N/A
from this Loan is shown in item 6D.

**AUTO BROKER FEE DISCLOSURE**
If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:
☐ Name of autobroker receiving fee, if applicable: N/A

**SELLER'S RIGHT TO CANCEL** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.
X ✓                              X
Buyer                            Co-Buyer

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before _____, Year ____. SELLER'S INITIALS ____

---

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
WARNING:
YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.
S/S X ✓                              X

**Representations of Buyer:** Seller has relied on the truth and accuracy of the information provided by you in connection with the Trade-In Vehicle. You represent that you have given a true payoff amount on the vehicle traded in. If the payoff amount is more than the amount shown above in item 6B as "Prior Credit or Lease Balance," you must pay Seller the excess on demand. If the payoff amount is less than the amount shown above in item 6B as "Prior Credit or Lease Balance," Seller will refund the difference to you.
Buyer X ✓                              Co-Buyer X

**Notice to buyer:** (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

If you have a complaint concerning this sale, you should try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.
After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X ✓                              Co-Buyer Signature X

The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.

| THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION | YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT. |
|---|---|
| California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a 2-day contract cancellation option on used vehicles with a purchase price of less than $40,000, subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details. | |

08/08/2008

Buyer Signature X _____ Date _____ Co-Buyer Signature X _____ Date _____

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us. 1250 SIXTH AVE. STE. SAN DIEGO, CA 92101

Other Owner Signature X _____ Address _____

**GUARANTY:** To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing.

Guarantor waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default, and notices of the amount owing at any time, and of any demands upon the Buyer.

Guarantor X _____ Date _____ Guarantor X _____ Date _____

Address _____ Address _____

MOTORCARS DIRECT SAN DIEGO     08/08/08

Seller Signs _____ Date _____ By X _____ Title MGR

LAW FORM NO. 553-CA (REV. 1/07) U.S. PATENT NO. D460,782
©2007 Reynolds and Reynolds TO ORDER: www.reysource.com; 1-800-344-0996; fax 1-800-531-9055
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

CUSTOMER/TRUTH-IN-LENDING COPY

# EXHIBIT "B"

# Bank of America

# Online Banking

**Checking - 0061 : Check Image**

Check Image:



JORGE A CHAVEZ    826
1250 6TH AVE STE 211
SAN DIEGO, CA 92101-4314

Date 08.26.08    16-66/1220 2184

Pay to the Order of  MOTORCARS DIRECT    $ 109,365.<sup>65</sup>

ONE HUNDRED NINE THOUSAND THREE HUNDRED Dollars

Bank of America
San Ysidro
201 E San Ysidro Blvd
San Ysidro CA
619.667.3220

Customer Since 2002   $ SIXTY FIVE USD

For MODENA 360

⑈122006⑈ 0826⋯ 21840⋯ 1006⑈

FB>122239131<000238990 08262008 01485

# EXHIBIT "C"



STATE OF CALIFORNIA
DEPARTMENT OF MOTOR VEHICLES
A Public Service Agency

INVESTIGATIONS

# RECORD OF COMPLAINT FORM



**READ THE ATTACHED BROCHURE BEFORE COMPLETING YOUR COMPLAINT. NOT ALL COMPLAINTS ARE INVESTIGATED**

Instructions: Type or print the following information for the person filing the complaint and the Business/Seller the complaint is against.

- Name — First name, middle initial(s) and last name
- Address — Street, town/city and zip code
- Telephone numbers — Area code and number(s) where you can be called during the day and evening

## I. COMPLAINANT (Person Filing Complaint)

NAME (FIRST, MIDDLE INITIAL(S), LAST): Jorge A Chavez Echevarria
STREET OR P.O. BOX: 925 Martinez St.
APT. NUMBER:
DRIVER LICENSE OR IDENTIFICATION NUMBER: D3969608
CITY: San Diego
STATE: CA
ZIP CODE: 92102
DAY TELEPHONE NUMBER: 619 232-1762
EVENING TELEPHONE NUMBER: 619 764-8894
SIGNATURE:
DATE:

## II. BUSINESS/SELLER COMPLAINT IS AGAINST

NAME (FIRST, MIDDLE INITIAL(S), LAST): Motor Cars Direct San Diego / Eugene Cobbs
STREET OR P.O. BOX: 5630 Kearny Mesa Rd, Ste A
TELEPHONE NUMBER: 858 751-0599
CITY: San Diego, CA
STATE: California
ZIP CODE: 92111
DID YOU SEND A PREVIOUS COMPLAINT TO DMV AGAINST THIS BUSINESS/SELLER? No
IF YES, WHEN?

May we show a copy of your complaint to the business/seller? ........ [X] Yes [ ] No

If the transaction occurred at a location different than the business address above, please list it here.

Address:

## III. VEHICLE INFORMATION
Write the license plate number and vehicle identification number as they are shown on the contract between the buyer and seller.
Enter the purchase date (same as when the contract was signed). 08/08/08

YEAR: 1999
MAKE: Ferrari
MODEL: Modena 360
LICENSE PLATE NUMBER:
STATE:
VEHICLE IDENTIFICATION NUMBER (VIN): ZFFY651A7X0117390
PURCHASE DATE: 08/08/08

## IV. COMPLAINT Explain the details of this complaint.

On 08/08/08 I purchased from Motor Cars Direct and paid cash the car mentioned above, and up to day Nov 20/08 have not received title, registration

INV 172A (REV. 6/2002)   **SEE OTHER SIDE FOR ADDITIONAL SPACE AND INFORMATION**

IV. COMPLAINT (continued)
IF MORE SPACE IS NEEDED, ATTACH ADDITIONAL SHEETS OF PAPER

PINK SLIP, OR ANY DOCUMENTS AT ALL. I CALLED MANY TIMES TO SETTLE THIS ISSUE WITHOUT ANY POSITIVE RESULT AND LAST TIME I WAS TOLD THAT MY CASH WAS USED TO PAY SOME BILLS AND THAT THE TITLE WAS HOLD BY THE BANK, AND THAT I SHOULD WAIT FOR THEIR ATTORNEY TO CONTACT ME

V. MAILING DIRECTIONS

To help explain the details of your complaint, **YOU MUST SUPPLY PHOTOCOPIES OF THOSE DOCUMENTS RELATED TO YOUR COMPLAINT.** (Include: contracts, warranties, receipts, cancelled checks, repair orders, photographs, letters)

—DO NOT SEND ORIGINAL DOCUMENTS—

PHOTOCOPY THE COMPLETED COMPLAINT. KEEP A COPY FOR YOUR RECORDS.

• Mail the complaint and copies of supporting documents to the Bureau of Investigations District Office closest to where the incident took place (see list below).

**FAILURE TO SEND SUPPORTING DOCUMENTS MAY DELAY REPONSE TO YOUR COMPLAINT**

VI. DEPARTMENT OF MOTOR VEHICLES INVESTIGATIONS DISTRICT OFFICES

| CITY | STREET ADDRESS | ZIP CODE |
| --- | --- | --- |
| Anaheim | 2450 East Lincoln Avenue, #120 | 92806-4990 |
| Artesia | 17100 South Pioneer Boulevard, #320 | 90701-2700 |
| Bakersfield | 7000 Schirra Court | 93313-2117 |
| Campbell | 440 Darryl Drive | 95008-0939 |
| Canoga Park | 6800 Owensmouth Avenue, #365 | 91303-2090 |
| Carmichael | 5209 North Avenue | 95608-3298 |
| Chico | 520 Cohasset Road, #7 | 95926-2260 |
| Chula Vista | 30 North Glover Avenue | 91910-1040 |
| Los Angeles (Culver City) | 11400 West Washington | 90066-6089 |
| El Monte | 3204 Rosemead Boulevard, #204 | 91731-2912 |
| Fresno | 1551 East Shaw, #101 | 93710-8007 |
| Hayward | 1314 West Winton Avenue | 94545-1408 |
| Inglewood | 621 North La Brea Avenue | 90302-3099 |
| Irvine | 18231 McDurmott West, #100 | 92614-6720 |
| La Mesa | 7777 Alvarado Road #616 | 91941-2953 |
| Los Angeles (Lincoln Park) | 3529 North Mission Road | 90031-3120 |
| Los Angeles | 3615 South Hope Street | 90007-4370 |
| Rancho Cucamonga | 8632 Archibald Avenue, #108 | 91730-4455 |
| Riverside | 6296 Rivercrest Drive, #A | 92507-0738 |
| Roseville | 151 North Sunrise Avenue, #1006 | 95661-2930 |
| Sacramento | 4700 Broadway | 95820-1501 |
| San Diego | 4375 Derrick Drive | 92117-4990 |
| San Francisco | 5 Thomas Mellon Circle, #168 | 94134-2594 |
| San Bernardino | 1845 Business Center Drive, #210 | 92408-3447 |
| Santa Rosa | 2570 Corby Avenue | 95407-6005 |
| Stockton | 510 East Magnolia | 95202-2314 |
| Vallejo | 200 Couch Street | 94590-2904 |
| Ventura | 1732 Palma Drive, #202 | 93003-5717 |
| West Covina | 800 South Glendora Avenue, Rm-100 | 91790-4201 |

IINV 172A (REV. 6/2002)